IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE, KNOXVILLE DIVISION

| | | |
|---|---|---|
| PHYLLIS G. BARNES, and | ) | |
| WALTER R. BARNES | ) | |
| | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:15-cv-556 |
| | ) | |
| GREG MALINAK, DEBBIE MALINAK, | ) | **JURY DEMAND** |
| and OLDE GATLINBURG PLACE | ) | |
| CONDOMINIUM OWNERS | ) | |
| ASSOCIATION, INC. | ) | |
| | ) | |
|     Defendants. | ) | |

### ANSWER OF DEFENDANTS GREG MALINAK AND DEBBIE MALINAK

Come now the Defendants, Greg Malinak and Debbie Malinak (sometimes hereinafter referred to as "the Malinaks"), by and through counsel, and in response to the Complaint filed against them would show unto the Court as follows:

1. The Malinaks do not have information sufficient to form a belief as to the truth of the averments contained in paragraph 1 regarding where the Plaintiffs reside.

2. Paragraph 2 of the Complaint is admitted.

3. Paragraph 3 of the Complaint is not directed to the Malinaks. Paragraph 3 requires no response from the Malinaks.

4. The Malinaks are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint.

5. The Malinaks do not contest jurisdiction.

1 of 8

Case 3:15-cv-00556-PLR-HBG   Document 7   Filed 04/11/16   Page 1 of 8   PageID #: 30

6. The Malinaks received a report that the Plaintiff fell in the bathroom of unit 504. The Malinaks are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the Plaintiff's alleged injuries. The Malinaks deny that they have any responsibility for the Plaintiff's fall.

7. The Malinaks do not contest venue.

8. The Malinaks admit that on or about April 9, 2015, the Plaintiffs rented condominium unit 504 at Olde Gatlinburg Place in Gatlinburg, Tennessee. The Malinaks are without knowledge or information sufficient to form a belief as to the reason the Plaintiffs were in Gatlinburg.

9. Paragraph 9 of the Complaint is admitted.

10. Paragraph 10 of the Complaint is denied.

11. Paragraph 11 of the Complaint is denied.

12. The Malinaks are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint.

13. The Malinaks are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint.

14. The Malinaks deny that the floor in front of the bathtub was a tile floor. For further answer, the floor in the bathroom is a linoleum floor. The Malinaks deny that they supplied or provided the bathmat, and strict proof thereof is demanded at trial. The Malinaks do not have knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 14 of the Complaint. Therefore, said allegations must be denied.

15. The Malinaks deny that they supplied or provided the bathmat at issue, and strict proof thereof is demanded at trial. Upon information and belief, the bathmat supplied by the rental management company is made of cloth. Upon information and belief, the bathmats supplied by the rental management company do not have a rubber backing. The Malinaks deny that they committed any negligent act or omission that caused or contributed to the Plaintiff Phyllis Barnes' accident and alleged injuries.

16. Paragraph 16 of the Complaint is denied, and strict proof thereof is demanded at trial. The Malinaks deny that they clean and/or polish the floor of the bathroom of unit 504. The Malinaks deny that they committed any negligent act or omission that caused or contributed to the Plaintiff Phyllis Barnes' accident and alleged damages. The Malinaks deny that there was any dangerous condition in the bathroom, and strict proof thereof is demanded at trial.

17. The Malinaks deny that they supplied or provided the bathmat. The Malinaks are without knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 17 of the Complaint. Therefore, said averments must be denied. The Malinaks specifically deny that they committed any negligent act or omission that caused or contributed to Plaintiff Phyllis Barnes' accident and alleged injuries.

18. The Malinaks are without knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 18 of the Complaint. Therefore, said averments must be denied.

19. Paragraph 19 of the Complaint is denied as stated, and strict proof thereof is demanded at trial. For further answer, the Malinaks deny that they committed any negligent act or omission that caused or contributed to Plaintiff Phyllis Barnes' accident and alleged injuries and damages.

20. Paragraph 20 of the Complaint is denied as stated, and strict proof thereof is demanded at trial. The Malinaks specifically deny that they committed any negligent act or omission that caused or contributed to Plaintiff Phyllis Barnes' accident and alleged injuries and damages.

21. Paragraph 21 of the Complaint is denied as stated, and strict proof thereof is demanded at trial. The Malinaks deny that they committed any negligent act or omission that caused or contributed to Plaintiff Phyllis Barnes' accident and alleged injuries and damages.

22. Paragraph 21 of the Complaint is denied as stated, and strict proof thereof is demanded at trial. The Malinaks specifically deny that they committed any negligent act or omission that caused or contributed to Plaintiff Phyllis Barnes' accident and alleged injuries and damages.

23. The Malinaks gave no warnings to the Plaintiff as no warnings were needed. Upon information and belief, the bathroom floor has been cleaned using the same methods for years. Upon information and belief, the same type of bathmat in question has been used in the bathroom for years without incident. The Malinaks specifically deny that any dangerous condition existed in the bathroom of unit 504, and strict proof thereof is demanded at trial. The Malinaks specifically deny that they committed any negligent act or omission that caused or contributed to Plaintiff Phyllis Barnes' accident and alleged injuries and damages.

24. The Malinaks deny that they were negligent in any manner, and strict proof thereof is demanded at trial. The Malinaks are without knowledge or information sufficient to form a belief to the remaining allegations contained in paragraph 24 of the Complaint regarding the accident and Plaintiff's alleged injuries and damages. Therefore, said averments must be

4 of 8

Case 3:15-cv-00556-PLR-HBG   Document 7   Filed 04/11/16   Page 4 of 8   PageID #: 33

denied. The Malinaks deny that they have any responsibility whatsoever for the Plaintiff's alleged injuries and damages.

25. The Malinaks are without knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 25 of the Complaint regarding the Plaintiff's alleged injuries and damages. Therefore, paragraph 25 of the Complaint must be denied, and strict proof thereof is demanded at trial. The Malinaks deny that they have any responsibility whatsoever for the Plaintiff's alleged injuries and damages.

26. The Malinaks deny that they were negligent in any manner, and strict proof thereof is demanded at trial. The remaining averments contained in paragraph 26 of the Complaint are denied for lack of information, and strict proof thereof is demanded at trial.

27. The Malinaks do not have knowledge or information sufficient to form a belief about the truth of the averments contained in paragraph 27 of the Complaint. Therefore, said averments must be denied. The Malinaks deny that they have any responsibility whatsoever for the Plaintiff's alleged injuries and damages.

28. Paragraph 28 of the Complaint is denied, and strict proof thereof is demanded at trial. The Malinaks specifically deny that they committed any negligent act or omission that caused or contributed to Plaintiff Phyllis Barnes' accident and alleged injuries and damages.

29. Paragraph 29 of the Complaint is denied, and strict proof thereof is demanded at trial. The Malinaks specifically deny that Plaintiff Walter Barnes is entitled to any recovery from them.

30. Paragraph 30 of the Complaint is denied, and strict proof thereof is demanded at trial. The Malinaks specifically deny that they committed any negligent act or omission that

caused or contributed to Plaintiff Phyllis Barnes' accident and Plaintiffs' alleged injuries and damages.

31. Answering the prayer for relief, the Malinaks deny that the Plaintiffs are entitled to any recovery from them.

32. As an affirmative defense, the Malinaks rely upon the doctrine of comparative fault as adopted in Tennessee and state that the sole and proximate cause of the accident and any damages claimed by the Plaintiffs is, upon information and belief, due to Plaintiff Phyllis G. Barnes' own negligence, which would bar or reduce the Plaintiffs' claim of recovery. Specifically, the Malinaks state, upon information and belief, that Plaintiff Phyllis G. Barnes failed to use due and reasonable care for her own safety in stepping out of the shower/tub and onto the bathmat. Upon information and belief, the Malinaks state that Plaintiff Phyllis G. Barnes failed to take appropriate measures for her own safety to avoid falling while getting out of the shower/tub. As a result, Plaintiff Phyllis G. Barnes is responsible for the accident and any of the Plaintiffs' alleged damages or injuries.

33. For further affirmative defense, the Malinaks rely upon Tennessee's doctrine of modified comparative fault and state that non-party Sidney James Motor Lodge, Inc. d/b/a Olde Gatlinburg Rentals is the company that acted as the rental manager for unit 504. Sidney James Motor Lodge, Inc.'s principal address is 610 Historic Nature Trail, Gatlinburg, Tennessee 37738-3343. Sidney James Motor Lodge, Inc. may be served through its registered agent Ralph S. Maples at the aforementioned address. Sidney James Motor Lodge, Inc. d/b/a Olde Gatlinburg Rentals supplied the bathmat at issue. Moreover, Sidney James Motor Lodge, Inc. d/b/a Olde Gatlinburg Rentals cleaned the bathroom and bathroom floor at issue. To the extent that Sidney James Motor Lodge, Inc. d/b/a Olde Gatlinburg Rentals is proven to have any fault that resulted

in damages for which the Plaintiffs are entitled to recover, then Plaintiffs' recovery for any fault of the Malinaks, which is specifically denied, is thereby barred or mitigated.

34. All averments of the Complaint not hereinabove admitted, qualified, or denied are here and now denied as though set out specifically and denied.

35. Greg Malinak and Debbie Malinak reserve the right to amend their Answer, with appropriate permission from the Court, after discovery and further investigation has occurred in this case.

**WHEREFORE**, having fully answered, Defendants Greg Malinak and Debbie Malinak deny that the Plaintiffs are entitled to a judgment or relief in any amount. Defendants Greg Malinak and Debbie Malinak pray to be dismissed with their costs taxed to the Plaintiffs. These Defendants demand a jury to try this case.

Respectfully submitted this the 11th day of April, 2016.

*s/ Joshua M. Ball*
JOSHUA M. BALL (# 020626)
Attorney for Defendants Greg and Debbie Malinak
HODGES, DOUGHTY & CARSON, PLLC
P.O. Box 869
Knoxville, TN 37901-0869
(865) 292-2307
jball@hdclaw.com

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **ANSWER OF DEFENDANTS GREG MALINAK AND DEBBIE MALINAK** was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

Said parties are:

Darren Vincent Berg, Esq.
Butler, Vines and Babb PLLC
2701 Kingston Pike
P.O. Box 2649
Knoxville, TN 37901-2649

Olde Gatlinburg Place Condominium Owners Association
c/o Registered Agent Wayne Tate
715 Barker Road
Hixson, TN 37343-1903

This 11th day of April, 2016

HODGES, DOUGHTY & CARSON, PLLC

*s/ Joshua M. Ball*
Joshua M. Ball