IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE, AT KNOXVILLE

| | | |
|---|---|---|
| PHYLLIS G. BARNES, and WALTER R. BARNES, | ) ) ) | |
| Plaintiffs, | ) ) | Civ. No3:15-cv-556 |
| v. | ) ) | Judge Reeves/Guyton |
| GREG MALINAK, DEBBIE MALINAK, OLDE GATLINBURG PLACE CONDOMINIUM OWNERS ASSOCIATION, INC., and SIDNEY JAMES MOTOR LODGE, INC. d/b/a OLDE GATLINBURG RENTALS. | ) ) ) ) ) ) ) | JURY DEMAND |
| Defendants. | ) | |

## AMENDED COMPLAINT

Come the Plaintiffs, by and through counsel, and would amend their Complaint pursuant to the provisions of Tennessee Code Annotated section 20-1-119 as follows:

1. Upon information and belief, Defendants Greg and Debbie Malinak, husband and wife, are citizens and residents of the State of Georgia, residing at 383 Westminister Lane, Lilburn, Gwinnett County, Georgia.

2. Defendant Olde Gatlinburg Place Condominium Owners Association, Inc. ("Olde Gatlinburg Place"), is a Tennessee corporation whose principal place of business is 306 Baskins Creek Road, Gatlinburg, Tennessee 37738-3504. Defendant Olde Gatlinburg Place may be served with process through its registered agent for service of process: Wayne Tate, 715 Barker Road, Hixson, Tennessee 37343-1903.

3. Defendant Sidney James Motor Lodge, Inc. d/b/a Olde Gatlinburg Rentals ("Olde Gatlinburg Rentals") is a Tennessee corporation whose principal place of business is 610 Historic Nature Trail, Gatlinburg, Tennessee 37738. Defendant Olde Gatlinburg Rentals may be served with process through its registered agent for service of process: Ralph S. Maples, 610 Historic Nature Trail, Gatlinburg, Tennessee, 37738.

4. The amount in controversy exceeds $75,000.00.

5. Based on the foregoing, this Court has jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332.

6. This cause of action arises out of injuries sustained by Plaintiff Phyllis Barnes when she slipped and fell in the bathroom of unit 504 of Olde Gatlinburg Place, located at 306 Baskins Creek Road, Gatlinburg, Tennessee 37738-3504.

7. Based on the foregoing, venue is proper before this Court pursuant to 28 U.S.C. § 1391(b)(2).

8. On or about April 9, 2015, Plaintiffs rented condominium unit 504 at Olde Gatlinburg Place, located at 306 Baskins Creek Road, Gatlinburg, Tennessee 37738-3504, for a weekend vacation in Gatlinburg.

9. Upon information and belief, Defendants Greg and Debbie Malinak own unit 504 of Olde Gatlinburg Place.

10. Upon information and belief, Defendant Olde Gatlinburg Place Condominium Owners Association, Inc., cleans, manages and/or otherwise maintains the units of Olde Gatlinburg Place, including unit 504.

11. Upon information and belief, Defendant Olde Gatlinburg Place

Condominium Owners Association, Inc., manages all payments and booking for rentals at Olde Gatlinburg Place. See Plaintiffs' credit card statement reflecting payment of $235.20 to "OLDE GATLINBURG COND [sic] GATLINBURG TN" dated April 9, attached hereto as **Exhibit A**.

12. In addition and/or in the alternative and based upon the Answers of Defendants Malinaks and Olde Gatlinburg Place, Defendant Olde Gatlinburg Rentals was the exclusive agent for renting and managing the rental of the unit in question. This Amended Complaint, therefore, is being timely filed pursuant to Tennessee's modified comparative fault scheme and specifically Tennessee Code Annotated section 20-1-119.

13. Plaintiffs checked into unit 504 sometime during the afternoon of April 9, 2015. Neither Plaintiff used the bath/shower on that date.

14. Upon waking on the morning of April 10, 2015, Plaintiff Phyllis Barnes entered the bathroom of unit 504 for the purpose of using the bath/shower.

15. Plaintiff Phyllis Barnes laid a cloth bathmat, which upon information and belief was provided by the Defendants for use as a bathmat, on the tile floor in front of the bathtub.

16. Upon information and belief, the bathmat provided by the Defendants was made entirely of cloth, with no backing made of rubber or similar material that would prevent the bathmat from slipping on a tile floor.

17. Upon information and belief, Defendants and/or their agents cleaned and/or polished the floor of the bathroom of unit 504 using a substance that increased

the slipperiness of same, thereby making the floor a latent danger when the cloth bathmat provided by the Defendants is placed upon it and thereafter stepped upon by someone exiting the shower.

18. As Plaintiff Phyllis Barnes stepped out of the bath/shower, she placed her left foot on the cloth bathmat provided by the Defendants, whereupon the bathmat suddenly and without warning slid across the bathroom floor, causing Mrs. Barnes to fall and suffer severe injuries.

19. The responding officer commented while in the bathroom of unit 504 that the floor was very slippery.

20. Defendants owed Plaintiffs as a guest a duty to provide a bathmat with backing material that would prevent same from slipping on the bathroom floor.

21. Defendants owed Plaintiffs a duty to clean and/or polish the bathroom floor of unit 504 utilizing substances that do not increase or otherwise contribute to the slipperiness of said floor.

22. By failing to provide a bathmat with an anti-slip backing material and/or use a cleaning solution that did not increase or otherwise contribute to the slipperiness of the bathroom floor of unit 504, Defendants created a latent hazardous condition (1) generally, (2) when combined with the use of the bathmat in question and (3) when exiting the shower and stepping onto the bathmat in question.

23. In the alternative, upon information and belief, Defendants and/or their agent[s] knew or should have known that the bathmat provided in unit 504 and/or the cleaning and/or polishing substance used on the bathroom floor of that unit created a

hazardous condition (1) generally, (2) when combined with the use of the bathmat in question and (3) when exiting the shower and stepping onto the bathmat in question.

24. None of the Defendants and/or their agent[s] informed or warned the Plaintiffs of the existence and danger of the slipperiness of the bathroom floor of unit 504 (1) generally, (2) when combined with the use of the bathmat in question and (3) when exiting the shower and stepping onto the bathmat in question.

25. As a result of the negligence of the Defendants, Mrs. Barnes fell, suffering severe and debilitating injuries, which have required surgery.

26. Mrs. Barnes' injuries include, but are not limited to, a left patellar fracture with displacement and torn medial and lateral retinaculum in her left knee.

27. As a result of the negligence of the Defendants, Mrs. Barnes fell and has experienced excruciating pain and suffering.

28. As a result of her fall, Mrs. Barnes, in addition to pain and suffering and severe emotional trauma, has experienced a loss of enjoyment of life.

29. Wherefore, Plaintiff Phyllis Barnes sues these Defendants for negligence based in premises liability and seeks damages in the form of medical expenses, other out of pocket expenses, pain and suffering, mental and emotional anguish, loss of enjoyment of life and disfigurement.

30. Wherefore, Plaintiff Walter Barnes sues these Defendants for loss of consortium and loss of society.

31. The Defendants' negligence as alleged herein constituted the legal and proximate cause of Plaintiffs' aforementioned injuries and damages.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs pray that this Honorable Court grant the following relief:

1. Let process issue and require Defendant Olde Gatlinburg Rentals to answer this Amended Complaint;

2. Require the other Defendants to Answer this Amended Complaint;

3. Award Plaintiff Phyllis Barnes $475,000 for medical expenses, other out of pocket expenses, pain and suffering, mental and emotional anguish, loss of enjoyment of life and disfigurement;

4. Award Plaintiff Walter Barnes $75,000 for loss of consortium and loss of society;

5. Empanel a jury to try this cause;

6. Award Plaintiffs the costs of this action including discretionary costs;

7. Award Plaintiffs any other and/or further relief deemed necessary and equitable.

Respectfully submitted this **19th** day of **May, 2016**.

                                            **/s/ Darren V. Berg**
                                            **Darren V. Berg (BPR# 023505)**
                                            Butler, Vines & Babb, PLLC
                                            2701 Kingston Pike
                                            P.O. Box 2649
                                            Knoxville, TN  37901-2649
                                            (865) 637-3531
                                            *Attorney for Plaintiffs*

# CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

Said parties are:

Joshua M. Ball, Esq.
HODGES, DOUGHTY & CARSON, PLLC
P.O. Box 869
Knoxville, TN 37901-0869
(865) 292-2307
jball@hdclaw.com
*Attorney for Defendants Malinak*

James C. Cone, Esq.
QUIST, CONE & FITZPATRICK, PLLC
2121 First Tennessee Plaza
Knoxville, TN 37929-2121
(865) 524-1873
jccone@qcflaw.com
*Attorney for Defendant Olde Gatlinburg Place Condominium Owners Association, Inc.*

Ralph S. Maples, Registered Agent
Sidney James Motor Lodge, Inc.
 d/b/a Olde Gatlinburg Rentals
610 Historic Nature Trail
Gatlinburg, Tennessee 37738-3343
*Defendant*

This **19th** day of **May, 2016**.

                                    **/s/ Darren V. Berg**
                                    **Darren V. Berg, Esq.**
                                    *Attorney for Plaintiffs*