# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF TENNESSEE, KNOXVILLE DIVISION

| | | |
|---|---|---|
| PHYLLIS G. BARNES, and<br>WALTER R. BARNES<br><br>    Plaintiffs,<br><br>v.<br><br>GREG MALINAK, DEBBIE MALINAK,<br>and SIDNEY JAMES MOTOR LODGE,<br>INC. d/b/a OLDE GATLINBURG RENTALS<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 3:15-cv-556<br><br>**JURY DEMAND** |

## MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Come now the Defendants, Greg Malinak and Debbie Malinak, by and through counsel, pursuant to Federal Civil Procedure Rule 56, and respectfully move this Court for summary judgment as to the claims filed against them by the Plaintiffs Phyllis G. Barnes and Walter R. Barnes. Plaintiffs brought this action to recover for injuries Plaintiff Phyllis G. Barnes allegedly sustained on April 10, 2015, when she fell in a bathroom at a rental condominium in Gatlinburg, Tennessee.

## FACTS

In April 2015, the Plaintiffs rented a condominium in Gatlinburg owned by the Malinaks. *See* Complaint, [Doc. 1]; Affidavit of Greg Malinak ("Malinak Affidavit"), ¶ 2, attached hereto as **Exhibit A**; Deposition of Phyllis G. Barnes ("Phyllis Barnes Depo."), 17-18, attached hereto as, in relevant part, as **Exhibit B**. Defendant Sidney James Motor Lodge, Inc. d/b/a Olde Gatlinburg Rentals ("Gatlinburg Rentals") manages and maintains the condominium for the Malinaks and has for over seven (7) years. *See* Complaint, [Doc. 1]; Malinak Affidavit, ¶¶ 3-4. On the morning of

April 10, 2015, Plaintiff Phyllis Barnes went into the bathroom of the condominium in question, washed her hair in the sink, laid the cotton bathmat provided by Gatlinburg Rentals on the bathroom floor in front of the bathtub, and took a shower. *See* Complaint, [Doc. 1]; Phyllis Barnes Depo., 23-24; Malinak Affidavit, ¶ 5. Plaintiff Phyllis Barnes testified that she had to step on the towel to get into the bathtub. *See* Phyllis Barnes Depo., 82. When she stepped out of the bathtub onto the bathmat, she fell. *See* Complaint, [Doc. 1]; Phyllis Barnes Depo., 24.

The bathmat at issue is a standard cotton bathmat found in many hotels, motels, and other rental accommodations. *See* Malinak Affidavit, ¶ 6. Plaintiff Phyllis Barnes testified that she did not notice anything unusual or wrong with the bathmat. *See* Phyllis Barnes Depo., 31. Plaintiff Walter Barnes testified that the bathmats at other overnight accommodations he had visited were cotton bathmats, not bathmats with rubber backing, and that the other accommodations had not provided any warnings about the provided bathmats. *See* Deposition of Walter Barnes ("Walter Barnes Depo."), 12-13, attached hereto, in relevant part, as **Exhibit C**.

Plaintiff Phyllis Barnes testified that she had taken note of the linoleum floor when she used the bathroom the night before the fall. *See* Phyllis Barnes Depo., 85-86. She further testified that she had no evidence or facts to support the assertion in the complaint that any cleaning product was used to increase the floor's slipperiness, testifying only that the floor was a shiny linoleum. *See* Phyllis Barnes Depo., 93-96. The same linoleum floor has been in the condominium for eleven (11) years. *See* Malinak Affidavit, ¶ 7.

The Malinaks have rented this condominium to guests on a regular basis for over eleven (11) years. *See* Malinak Affidavit, ¶ 7. A cotton bathmat has been supplied and used by renters for the entire 11-year period, and the same linoleum floor has been in the condominium for the entire 11-year period. *See* Malinak Affidavit, ¶ 7. Several hundred people have rented the condominium and

used a cotton bathmat on the same linoleum bathroom flooring without incident. *See* Malinak Affidavit, ¶ 8. The Malinaks never received any complaints about the bathmat or the linoleum bathroom floor, and in the eleven (11) years that the condominium has been rented on a regular basis, no accidents or similar incidents were reported. *See* Malinak Affidavit, ¶¶ 9-10.

## LAW AND ARGUMENT

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A "genuine issue of material fact" exists when there is a fact which, if proven at trial, could lead a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party moving for summary judgment has the burden of showing there are no genuine issues of material fact from which a reasonable jury could return a verdict for the non-moving party, which may be accomplished by showing that the non-moving party lacks evidence to support an essential elements of his claim. *Anderson*, 477 U.S. at 256; *Clemons v. Metro. Gov't of Nashville*, 664 F. App'x 544, 546 (6th Cir. 2016). The court must view the evidence in the light most favorable to the non-moving party, but the non-moving party must "set forth specific facts showing that there is a genuine issue for trial, rather than resting on mere allegations." *Clemons*, 664 F. App'x at 546.

The essential elements of a premises liability case, as in any negligence action, include "(1) a duty of care owed by the defendant to the plaintiff; (2) conduct by the defendant falling below the standard of care amounting to a breach of the duty; (3) an injury or loss; (4) causation in fact; and (5) proximate causation." *Rice v. Sabir*, 979 S.W.2d 305, 308 (Tenn. 1998). Additionally, to hold an owner or occupier of premises liable for a dangerous condition on his premises, the plaintiff must show that either "1) the condition was caused or created by the owner, operator, or his agent, or 2) if the condition was created by someone other than the owner, operator, or his agent, that the owner or

Case 3:15-cv-00556-PLR-HBG   Document 49   Filed 04/03/17   Page 3 of 9   PageID #: 189

operator had actual or constructive notice that the condition existed prior to the accident." *Blair v. West Town Mall*, 130 S.W.3d 761, 764 (Tenn. 2004).

**I.      Defendants Greg Malinak and Debbie Malinak did not owe a duty to the Plaintiffs relevant to the bathmat and bathroom floor because no dangerous condition was present.**

Duty "is the legal obligation a defendant owes to a plaintiff to conform to the reasonable person standard of care in order to protect against unreasonable risks of harm." *Green v. Roberts*, 398 S.W.3d 172, 177 (Tenn. Ct. App. 2012). The determination of whether a defendant owes a duty to a plaintiff is a question of law for the court. *Id.* A property owner has a duty to exercise reasonable care under the circumstances to prevent injury to persons lawfully on the premises, including maintaining the property in a reasonably safe condition and removing or warning against dangerous conditions of which the owner is aware or should be aware through the exercise of reasonable care. *Id.*

"Foreseeability is the test of negligence." *Doe v. Linder Const. Co.*, 845 S.W.2d 173, 178 (Tenn. 1992). If an injury cannot be reasonably foreseen, a duty of care does not arise. *Green*, 398 S.W.3d at 177. Foreseeability is so important that "if an injury could not have been reasonably foreseen, a duty does not arise even if causation-in-fact has been established." *Satterfield v. Breeding Insulation Co.*, 266 S.W.3d 347, 366 (Tenn. 2008). "The plaintiff must show that the injury was a reasonably foreseeable probability, not just a remote possibility, and that some action within the defendant's power more probably than not would have prevented the injury." *Doe*, 845 S.W.2d at 178; *see also Christian v. Ebenezer Homes of Tennessee, Inc.*, No. M2012-01986-COA-R3CV, 2013 WL 3808210, at *3 (Tenn. Ct. App. July 17, 2013) ("[P]robability, not possibility, governs[.] [T]hat it is 'possible' does not make it dangerous."). Foreseeability is determined as of the time of the negligent act or omission. *Id.*

In this case, the Malinaks condominium was managed by Sidney James Motor Lodge, Inc. d/b/a Olde Gatlinburg Rentals, a property management company who had over seven (7) years of experience managing the property. *See* Malinak Affidavit, ¶¶ 3-4. Gatlinburg Rentals provided a standard cotton bathmat in the bathroom, which the Plaintiff laid on the floor herself and had stepped on without incident prior to her fall. *See* Complaint, [Doc. 1]; Malinak Affidavit, ¶¶ 5-6; Phyllis Barnes Depo., 82. The bathmat was a standard type and is found in any number of hotels, motels, and other rental accommodations. *See* Malinak Affidavit, ¶ 6; Walter Barnes Depo., 12-13. The Plaintiffs have no evidence to support that the floor was made slick by any cleaning supplies. *See* Phyllis Barnes Depo., 85-86. Plaintiff Phyllis Barnes had taken note of the floor before her fall and testified that she did not notice anything unusual or wrong with the bathmat. *See* Phyllis Barnes Depo., 31, 93-96.

Several hundred people have rented the Malinaks' condominium and used a cotton bathmat on the same linoleum bathroom flooring without incident. *See* Malinak Affidavit, ¶¶ 5, 7-8. The Malinaks never received any complaints about the bathmat or the linoleum bathroom floor or any reports of any accidents caused by the bathmat or bathroom floor. *See* Malinak Affidavit, ¶¶ 8-10. In fact, the Malinaks rented this condominium on a regular basis for over eleven (11) years without incident. *See* Malinak Affidavit, ¶ 10.

Although unfortunate, Plaintiff Phyllis Barnes' fall was beyond the control of the Malinaks. The fact that Plaintiff Phyllis Barnes fell on the bathroom floor is not proof that the floor or bathmat was dangerous or unsafe. Tennessee courts have concluded that "the simple fact that one person was injured is not proof that the premises is dangerous or unsafe. Graceful athletes often trip on yard lines in football or on the foul line in basketball. People do trip and fall on conditions that are not

unsafe." *Cruce v. Memmex Inc.*, No. W201601167COAR3CV, 2017 WL 497035, at *9 (Tenn. Ct. App. Feb. 7, 2017) (internal quotations omitted).

The Malinaks acted with the reasonable care required. They provided a bathmat for guests in a bathroom with a linoleum floor. The bathmat was the standard used in many other rentals. No complaints were made in eleven years' of rentals of this same condominium. The Malinaks had no expectation that anything about the condition of the bathroom or supplied bathmat would cause a guest to fall. Because it was not reasonably foreseeable that a guest would fall on a standard bathmat on a standard linoleum bathroom floor, the duty of care did not arise.

**II.     Even if a duty was owed, Defendants Greg Malinak and Debbie Malinak did not breach any duty owed to the Plaintiffs.**

"Negligence is not to be presumed by a mere happening of an injury or accident[.]" *Brackman v. Adrian*, 472 S.W.2d 735, 739 (Tenn. 1971). Possessors of property are not insurers of the property's safety. *Smith v. Inman Realty Co.*, 846 S.W.2d 819, 822 (Tenn. Ct. App. 1992). While property owners must exercise reasonable care to remove or warn against dangerous conditions of which the owner is aware or should be aware, the owner's duty does not include "the responsibility to remove or warn against conditions from which no unreasonable risk was to be anticipated, or from those which the occupier neither knew about nor could have discovered with reasonable care." *Rice v. Sabir*, 979 S.W.2d 305, 308–09 (Tenn. 1998) (internal quotations omitted). To breach his duty, a property owner must have caused or created the dangerous condition or had actual or constructive notice that the condition existed prior to the accident. *See Blair*, 130 S.W.3d at 764.

The Plaintiff cannot establish that the Malinaks created any dangerous condition or that they had actual or constructive notice that any dangerous condition existed. No reasonable jury could find

that providing a standard bathmat for use on a standard linoleum bathroom floor created an unreasonably dangerous condition. The Malinaks had no actual or constructive notice of any dangerous condition because they had no previous similar incidents reported in the eleven (11) years that the condominium has been rented. *See* Malinak Affidavit, ¶¶ 7-10. In fact, Plaintiff Phyllis Barnes admitted that she noted nothing unusual or wrong about the bathmat. *See* Phyllis Barnes Depo., 31. Moreover, no warnings were needed because the Malinaks could not have known that a standard bathmat used on a standard linoleum bathroom floor presented a dangerous condition. Plaintiff Walter Barnes testified that he had never received warnings from other overnight accommodations about the bathroom flooring or bathmats. *See* Walter Barnes Depo., 12-13. No reasonable jury could conclude that the Malinaks breached any duty in this case.

**III.   Plaintiffs' fault is equal to or greater than Defendant's fault.**

Even if a jury could find that the Malinaks were negligent, summary judgment should still be granted because Plaintiff Phyllis G. Barnes was at least fifty percent at fault for her accident. In Tennessee, a plaintiff cannot recover if she is fifty percent or more at fault for the accident. *McIntyre v. Balentine*, 833 S.W.2d 52, 57 (Tenn. 1992). Summary judgment is appropriate in those situations where reasonable minds could conclude only that the plaintiff's fault was equal to or greater than the defendant's fault, which is denied. *Green*, 398 S.W.3d at 178.

Plaintiff Phyllis Barnes' fault is greater than the Malinaks, which is denied. She knew she was leaving a bathtub and stepping onto a bathmat on a linoleum floor. *See* Complaint, [Doc. 1]; Phyllis Barnes Depo., 23-24, 82. In fact, she walked into the bathroom, laid the bathmat on the floor, and stepped onto the bathmat and into the bathtub before this fall occurred. *See* Phyllis Barnes Depo., 23-24, 82. She then stepped out of the bathtub onto the same mat and fell. *Id.* She had also already taken note of the linoleum floor. *See* Phyllis Barnes Depo., 85-86. Plaintiff Phyllis Barnes

made the decision to lay the cloth bathmat on the floor and to step on it while wet and leaving the bath or shower. *See* Phyllis Barnes Depo., 23-24, 82. Given these facts, no reasonable jury could find that Plaintiff Phyllis Barnes was less than 50% at fault for her own accident.

## CONCLUSION

Based on the foregoing, Defendant Greg Malinak and Debbie Malinak's Motion for Summary Judgment should be granted.

Respectfully submitted this the 3rd day of April, 2017.

*s/ Joshua M. Ball*
JOSHUA M. BALL (# 020626)
MABERN E. WALL (# 031328)
Attorneys for Defendants Greg and Debbie Malinak
HODGES, DOUGHTY & CARSON, PLLC
P.O. Box 869
Knoxville, TN 37901-0869
(865) 292-2307
jball@hdclaw.com
mwall@hdclaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

Said parties are:

Darren Vincent Berg, Esq.
Butler, Vines and Babb PLLC
2701 Kingston Pike
P.O. Box 2649
Knoxville, TN 37901-2649

Darryl G. Lowe, Esq.
Christopher C. Field, Esq.
Lowe Yeager & Brown
900 S Gay St Ste 2102
Riverview Towers
Knoxville, TN 37902-1810


This 3rd day of April, 2017.


HODGES, DOUGHTY & CARSON, PLLC


*s/ Joshua M. Ball*
Joshua M. Ball