IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| PHYLLIS G. BARNES and<br>WALTER R. BARNES,<br><br>    Plaintiffs,<br><br>v.<br><br>GREG MALINAK, DEBBIE MALINAK,<br>and SIDNEY JAMES MOTOR LODGE, INC.<br>d/b/a OLDE GATLINBURG RENTALS,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)   No. 3:15-cv-00556-PLR-HBG<br>)<br>)<br>)<br>)<br>)<br>) |

SIDNEY JAMES MOTOR LODGE, INC. d/b/a OLDE GATLINBURG RENTALS'
MOTION FOR SUMMARY JUDGMENT and
MEMORANDUM OF LAW IN SUPPORT THEREOF

Defendant Sidney James Motor Lodge, Inc. ("Sidney James"), by and through counsel, pursuant to Fed. R. Civ. P. 56, respectfully moves this Court for entry of summary judgment in its favor as to all claims asserted against Sidney James by Plaintiffs Phyllis G. Barnes and Walter R. Barnes ("Plaintiffs"). As grounds for this motion, Sidney James would show that (1) it did not create a dangerous condition by providing industry standard cotton terry bathmats and using a cleaner specifically marketed for use on bathroom floors; (2) alternatively, Sidney James was not on notice of any dangerous condition in light of the lack of prior falls in the bathrooms at Olde Gatlinburg Place Condominiums; and (3) alternatively, to the extent that Plaintiffs may claim that Phyllis Barnes slipped because the bathroom surfaces became slippery during or after her shower, Sidney James had no duty to warn because the fact that bathroom surfaces may become slippery following a shower is readily apparent and common knowledge. Sidney James would further show that there is no genuine dispute as to any material fact, and that it is entitled

1

to judgment as a matter of law.  In support of its motion, Sidney James offers the Affidavit of Sid Maples (attached hereto as **Exhibit 1**) and the Affidavit of Nisha Daniel (attached hereto as **Exhibit 2**).  In further support of this motion, Sidney James offers the following memorandum of law:

## **PROCEDURAL BACKGROUND**

On December 16, 2015, Plaintiffs filed a complaint in this Court against Greg Malinak, Debbie Malinak, and Olde Gatlinburg Place Condominium Owners Association, Inc. alleging negligence related to a fall that Plaintiff Phyllis Barnes alleges to have suffered while exiting the shower of the Malinak's Gatlinburg condominium.  (ECF Doc. 1, Compl.).  On May 19, 2016, Plaintiffs amended their complaint to add condominium rental manager Sidney James as a party defendant.  (ECF Doc. 17, Am. Compl.).  Plaintiffs allege that two circumstances in particular created a dangerous condition:  (1) Defendants' provision to Plaintiffs of a cotton bathmat without rubber backing, and (2) Defendants' use of a floor cleaner that made the bathroom floor more slippery.  (ECF Doc. 17, Am. Compl. ¶¶ 16, 17, 20, 21).  Plaintiffs allege that Defendants were negligent by failing to remove these conditions or, alternatively, by failing to warn Plaintiffs of these conditions.  (ECF Doc. 17, Am. Compl. ¶¶ 22-24).  Importantly, Plaintiffs do not allege that the bathmat that they were provided was defective; rather, they simply allege that the wrong type of bathmat was provided.  (*See* ECF Doc. 17, Am. Compl. ¶¶ 16, 20).

Sidney James now moves for summary judgment on the grounds that (1) use of a cotton terry bathmat, the standard of the hospitality industry, does not create an unreasonably dangerous condition; (2) use of a floor cleaner specifically marketed for use on floors, bathrooms, bathtubs, and shower stalls, does not create an unreasonably dangerous condition; (3) alternatively, Sidney James was not on notice of any dangerous condition in light of the lack of prior falls in the

bathrooms at Olde Gatlinburg Place Condominiums; and (4) alternatively, to the extent that Plaintiffs may claim that Phyllis Barnes slipped because the bathroom surfaces became slippery during or after her shower, Sidney James owed Plaintiffs no duty to warn because the fact that bathroom surfaces may become slippery during or after a shower is readily apparent and common knowledge to anyone with even a modicum of life experience.

## **MATERIAL FACTS NOT IN DISPUTE**

1. Sidney James manages rentals for many of the units at Olde Gatlinburg Place Condominiums. (**Ex. 1**, Maples Aff. ¶ 5).

2. Sidney James has acted in the capacity as rental manager for certain units at Olde Gatlinburg Place Condominiums since November, 2009. (**Ex. 1**, Maples Aff. ¶ 6).

3. Sidney James does not own unit 504 or any other unit at Olde Gatlinburg Place. (**Ex. 1**, Maples Aff. ¶ 8).

4. Sidney James supplied unit 504 with a cotton terry cloth bathmat in advance of the Plaintiffs' stay. (**Ex. 1**, Maples Aff. ¶ 15).

5. In the nearly five years of managing rentals at Olde Gatlinburg Place prior to the fall at issue in this case, Sidney James has never had a reported slip and fall in the bathrooms of any of the units. (**Ex. 1**, Maples Aff. ¶ 9).

6. Sidney James's routine cleaning practice of wet mopping with water, and if needed, to spot clean the floors with "Aero TB Quat" brand spray disinfectant, would have been applied to the bathroom in unit 504 in advance of Plaintiffs' stay. (**Ex. 1**, Maples Aff. ¶¶ 10, 11, and 13).

7. Sidney James's employees did not, at any point, polish or buff the bathroom floor in unit 504. (**Ex. 1**, Maples Aff. ¶ 12).

8. Aero TB Quat is marketed, among other uses, as a cleaner for floors, bathrooms, bath tubs, and shower stalls. (**Ex. 1**, Maples Aff. ¶ 14).

9. The cotton terry cloth bathmat without any backing was the standard of the hospitality industry at all times relevant to this action. (**Ex. 2**, Daniels Aff. ¶¶ 4-13, Ex. A).

## **LEGAL STANDARD**

Under Fed. R. Civ. P. 56(a), a party moving for summary judgment has the initial burden of proof to establish that there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. This burden can be met by showing that the nonmoving party has failed to present sufficient evidence to support an issue on which the nonmoving party has the ultimate burden of persuasion at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Facts presented by the moving party will be construed in favor of the nonmoving party, and facts presented by the nonmoving party, if supported by affidavits or other evidence, will generally be regarded as true. *Scott v. Harris*, 550 U.S. 372, 376-77 (1986). Any doubt concerning the existence of a genuine issue of material fact will be resolved in favor of the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970).

## **LAW & ARGUMENT**

A negligence claim requires proof of the following elements: (1) a duty of care owed by the defendant to the plaintiff; (2) conduct by the defendant falling below the standard of care amounting to a breach of that duty; (3) an injury or loss; (4) causation in fact; (5) proximate of legal cause. *Bradshaw v. Daniel*, 854 S.W.2d 865, 869 (Tenn. 1993). In an action for premises liability, a premises owner or possessor owes a duty to exercise "reasonable care with regard to social guests or business invitees in the premises… [t]he duty includes the responsibility to remove or warn against latent or hidden dangerous conditions on the premises of which one was

aware or should have been aware through the exercise of reasonable diligence." *Rice v. Sabir*, 979 S.W.2d 305, 308 (Tenn. 1998). While "[b]usiness proprietors are not insurers of their patrons' safety…. they are required to use due care under all circumstances." *Blair v. W. Town Mall*, 130 S.W. 3d 761, 764 (Tenn. 2004) (citing *Martin v. Washmaster Auto Ctr., U.S.A.*, 946 S.W.2d 314, 318 (Tenn. Ct. App. 1996)).

A property owner or possessor has "the responsibility of either removing, or warning against any dangerous condition on the premises of which the property owner is *actually aware or should be aware* through the exercise of reasonable diligence." *Parker v. Holiday Hosp. Franchising, Inc.*, 446 S.W.3d 341, 350 (Tenn. 2014) (emphasis added) (citing *Eaton v. McLain*, 891 S.W.2d 587, 594 (Tenn. 1994)). The Tennessee Supreme Court has determined that for a plaintiff to prevail on a claim of premises liability, in addition to the elements of negligence, the plaintiff must establish that: "1) the condition was caused or created by the owner, operator, or his agent, or 2) if the condition was created by someone other than the owner, operator, or agent, that the owner or operator had actual or constructive notice that the condition existed prior to the accident." *Blair*, 130 S.W. at 764.

I. **Sidney James did not breach its duty to act with due care because neither the cotton terry bathmat, which is the standard of the hospitality industry, nor the spray disinfectant, marketed specifically for use on bathroom floors, created a dangerous condition.**

In a premises liability case, an owner or possessor of a premises has a duty "to exercise reasonable care under the circumstances to a guest (licensee) or business invitee." *Eaton v. McClain*, 891 S.W.2d 587, 593 (Tenn. 1994). Industry standards are relevant to the issue of care. *Johnson v. Husky Indus., Inc.*, 536 F.2d 645, 648 (6th Cir. 1976) (applying Tennessee law); *Clarksville-Montgomery Cty. Sch. Sys. v. U.S. Gypsum Co.*, 925 F.2d 993, 1005, 1991 WL 19999 (6th Cir. 1991) (applying Tennessee law).

5

In this action, Plaintiffs have alleged that "[b]y failing to provide a bathmat with an anti-slip backing material and/or use a cleaning solution that did not increase or otherwise contribute to the slipperiness of the bathroom floor of unit 504, Defendants created a latent hazardous condition…" (ECF Doc. 17, ¶ 22). In *Portanova v. Trump Taj Mahal Associates*, the plaintiff presented a nearly identical theory of liability. *See generally Portanova v. Trump Taj Mahal Associates*, 704 N.Y.S.2d 380 (App. Div. 3d Dep't). In that case, the plaintiff alleged "that the highly polished marble floor of the bathroom area of plaintiff's hotel room, particularly in conjunction with the supplied cotton floor mat (which lacked any nonskid surface), was unreasonably dangerous." *Portanova*, 704 N.Y.S.2d at 381. In that case, the court held that the plaintiff could not prove that the hotel breached its duty of due care absent evidence that there was a defect in the bathmat or floor, or some deviation from the relevant industry standards. *See Portanova*, 704 N.Y.S.2d at 382-83.

In this case, as in *Portanova*, Sidney James supplied the condominium unit with a cotton terry cloth bathmat without any backing. (**Ex. 1**, Maples Aff. ¶ 15). The Affidavit of Nisha Daniel, a sales manager at a large national hospitality supply company, establishes that the cotton terry cloth bathmat without rubber backing was the standard of the hospitality industry at all times relevant to this action and remains the standard to this day. (**Ex. 2**, Daniel Aff. ¶ 4-13, Ex. A). Plaintiffs do not allege that the bathmat that they were provided was defective; rather, they simply allege that a different type of bathmat, one that deviates from the industry standard, should have been provided. (*See* ECF Doc. 17, Am. Compl. ¶¶ 16, 20). Because the cotton terry cloth bathmat is the standard of the hospitality industry, and because the Plaintiffs have not alleged that the particular bathmat at issue here was defective or any way deviated from this industry standard, Plaintiffs cannot prove that Sidney James breached its duty of care.

Similarly, as to the cleaning procedures, the only cleaning product that would have been used outside of wet-mopping with water was Aero TB Quat, a spray disinfectant that is marketed specifically for use on floors, bathrooms, bathtubs, and shower stalls. (**Ex 1**., Maples Aff. ¶¶ 10, 11, 13, 14). Contrary to Plaintiffs' allegations, Sidney James did not polish or buff the subject floor. (*Compare* ECF Doc. 17 ¶ *with* **Ex. 1**, Maples Aff. ¶ 12). Like the bathmat at issue, absent some proof of defect, Plaintiffs cannot prove that Sidney James' use of a cleaning product specifically marketed for bathroom floors created an unreasonably dangerous condition. *See generally Portanova*, 704 N.Y.S.2d 380. For the foregoing reasons, based upon the affirmative evidence set forth by Sidney James negating the essential element of Plaintiffs' negligence claim that Sidney James breached its duty of due care, and there being no genuine dispute of material fact, Sidney James is entitled to judgment as a matter of law.

II. **Alternatively, Sidney James was not on notice of any dangerous condition in light of the lack of prior falls in the bathrooms at Olde Gatlinburg Place Condominiums.**

Under Tennessee law, "liability in premises liability cases stems from superior knowledge of the condition of other premises." *Beckwith v. Wal-Mart Stores E., L.P*., 112 F. Supp. 3d 724, 729 (W.D. Tenn. 2015) (*citing* McCormick v. Waters, 594 S.W.2d 385, 387 (Tenn. 1980)). A business owner breaches the duty of care to customers when an unreasonably dangerous condition exists that "1) …was caused or created by the owner, operator, or his agent, or 2) if the condition was created by someone other than the owner, operator, or agent, that the owner or operator had actual or constructive notice that the condition existed prior to the accident." *Blair*, 130 S.W. at 764. The general standard for constructive notice of a dangerous condition requires a plaintiff to show "a pattern of conduct, a recurring incident, or a general or continuing condition indicating the dangerous condition's existence." *Tinsley v. Wal-Mart*

*Stores, Inc.*, 155 F. App'x 196, 198 (6th Cir. 2005) (quoting *Blair v. West Town Mall*, 130 S.W.3d 761, 765-66 (Tenn. 2004)). According to the *Tinsley* Court, "[i]f a dangerous condition occurs regularly, the property owner has constructive notice of the dangerous condition's existence." *Id*. "At the very least, Plaintiffs must show that the dangerous condition was 'reasonably foreseeable' to the property owner… [i]n the absence of such evidence, the proper inquiry is 'whether the condition occurs so often that the premises owner is put on constructive notice of its existence.'" *Id*. "[T]he frequency of accidents and the foreseeability of a dangerous condition go hand in hand." *Wood v. Wal-Mart Stores E., LP*, 576 Fed. Appx. 470, 474, 2014 WL 3824301 (6th Cir. 2014).

Here, in nearly five years of managing rentals at Olde Gatlinburg Place prior to Mrs. Barnes's fall, Sidney James has not had a single reported slip and fall in the bathrooms of any of the units. (**Ex. 1**, Maples Aff. ¶¶ 5, 6, 9). Therefore, in light of a five-year history without falls in the bathrooms at Olde Gatlinburg Place, a slip and fall in the bathroom was not reasonably foreseeable, and Sidney James was not on constructive notice as to any dangerous condition that may have existed in the bathroom. Absent notice, Sidney James had no duty to remove any dangerous condition that existed or to warn Plaintiffs of any such condition. For the foregoing reasons, based upon the affirmative evidence set forth by Sidney James negating the essential element of Plaintiffs' claim that Defendants had actual or constructive notice of any dangerous condition, and there being no genuine dispute of material fact, Sidney James is entitled to judgment as a matter of law.

### III. Alternatively, to the extent that Plaintiffs may claim that Phyllis Barnes slipped because the bathroom surfaces became slippery during or after her shower, Sidney James had no duty to warn because the fact that bathroom surfaces may become slippery during or after a shower is common knowledge and readily apparent.

A premises owner does not owe a duty to remove or warn against "conditions from which no unreasonable risk was to be anticipated, or from those which the occupier neither knew about not could have discovered with reasonable care." *Matherne v. West*, 2016 WL 6311283 at *11 (Tenn. Ct. App. Oct. 28, 2016). Although premises owners owe a duty to warn against latent dangers, "[t]he proprietor will not be held liable if the dangerous or defective condition is obvious, reasonably apparent, or as well known to the invitee as to the owner." *McCormick v. Waters*, 594 S.W.2d 385, 387 (Tenn. 1980); *Eaton v. McLain*, 891 S.W.2d 587, 595(Tenn. 1994) (holding that "[b]ecause stairs descending from a hallway to a basement are a common feature of many homes…they are not inherently dangerous.").

> [W]hen the danger itself is obvious and the visitor is thus aware or should be aware of the dangerous condition, the obligation to protect against that danger is chargeable to the visitor and the possessor of the premises is entitled to expect the visitor to utilize his knowledge or abilities to observe and to avoid harm from the dangerous condition.

*Sims v. Memphis Processors, Inc.,* 736 F. Supp. 779, 785–86 (W.D. Tenn. 1990), *aff'd*, 926 F.2d 524 (6th Cir. 1991).

Numerous jurisdictions have held that a duty to warn does not arise in relation to bathroom surfaces during and after bathing because the inherent risks of slippery bathroom surfaces while bathing are common knowledge. *See Kutz v. Koury Corp.*, 377 S.E.2d 811, 813 (1989) (holding "risks inherent in bathing or showering [were] open, apparent, and obvious to anyone who [had] ever taken a bath or shower"); *Jones v. Abner*, 335 S.W.3d 471, 476 (Ky. Ct. App.2011) (holding "risks inherent in bathing or showing [were] open, apparent, and obvious to

anyone who [had] taken a bath or shower"); *Brault v. Dunfey Hotel Corp.*, No 87-6899, 1988 WL 96814, at *9 (E.D. Pa. Sept. 13, 1988) (holding "[t]he majority of courts charge guests with reasonable use of their senses to keep a lookout for open and obvious conditions in bathrooms" including the fact "that water is slippery on tub or shower surfaces"); *La Bart v. Hotel Vendome Corp.*, 213 F. Supp. 958, 959 (D. Mass. 1963) (holding hotel was under no duty to warn of the open and obvious danger of wet and soapy bathtub that was not equipped with a bathmat); *Dille v. Renaissance Hotel Mgmt. Co., LLC*, 2012 WL 2396666, at *3 (E.D. Mo. June 25, 2012) (holding "because the danger created when a bathtub becomes wet is not hidden or difficult to ascertain, there is no duty, as a matter of law, to provide precautions against such conditions."); *Hale v. SS Liquors, Inc.*, 956 N.E.2d 1189, 1194-95 (Ind. Ct. App. 2011) (holding "mere fact of a fall is insufficient to establish liability of a landowner for a customer's injuries" and "[t]here is no evidence whatsoever that the bathtub as it existed at the time of Hale's fall was unreasonably safe, as compared to bathtubs generally.")

In this case, Plaintiffs allege that Mrs. Barnes slipped while exiting a shower. (ECF Doc. 17, ¶ 18). To the extent that Plaintiffs may claim that Phyllis Barnes slipped because the bathroom surfaces became slippery during or after her shower, this Court should adopt the majority position stated above and hold that the fact that bathroom surfaces may become slippery during or after a shower is readily apparent to anyone with a modicum of life experience. Where a danger is readily apparent, "the obligation to protect against that danger is chargeable to the visitor and the possessor of the premises is entitled to expect the visitor to utilize his knowledge or abilities to observe and to avoid harm from the dangerous condition." *Sims,* 736 F. Supp. at 785–86. As such, Sidney James owed no duty to warn the Plaintiffs that bathroom surfaces may

10

become slippery during or after a shower. For the foregoing reasons, there being no genuine dispute of material fact, Sidney James is entitled to judgment as a matter of law.

## CONCLUSION

For the foregoing reasons, this Court should grant Sidney James Motor Lodge, Inc.'s motion and enter summary judgment in Sidney James Motor Lodge, Inc.'s favor as to all claims asserted against it by Plaintiffs Phyllis G. Barnes and Walter R. Barnes.

Dated April 3, 2017.

                                            LOWE YEAGER & BROWN PLLC

                                            __/s/Christopher C. Field_____
                                            Christopher C. Field      BPR # 028070
                                            Darryl G. Lowe          BPR # 002104
                                            **Counsel for Defendant,**
                                            **Sidney James Motor Lodge, Inc.**
                                            **d/b/a Olde Gatlinburg Rentals**
                                            Riverview Tower, Suite 2102
                                            900 S. Gay Street
                                            Knoxville, Tennessee 37902
                                            (865) 521-6527
                                            dgl@lyblaw.net
                                            ccf@lyblaw.net

## CERTIFICATE OF SERVICE

I hereby certify that on April 3, 2017, notice of this filing will be sent by operation of the Court s electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court s electronic filing system.

Dated April 3, 2017.

                                            __/s/Christopher C. Field_____