UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| PHYLLIS G. BARNES, and WALTER R. BARNES, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 3:15-cv-556-PLR-HBG ) |
| GREG MALINAK, *et al.,* | ) ) |
| Defendants. | ) ) |

# **ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Defendant Sidney James Motor Lodge, Inc.'s Rule 16(f) Motion for Sanctions [Doc. 67] and Defendants Greg Malinak and Debbie Malinak's Motion to Quash/Objection to the Plaintiffs' Notice of Video Deposition of Clayton H. Thomason, M.D. [Doc. 68]. The parties appeared before the Court on June 30, 2017, for a motion hearing. Attorney Darren Berg appeared on behalf of the Plaintiffs. Attorneys Albert Harb and Mabern Wall appeared on behalf of Defendants Greg Malinak and Debbie Malinak. Attorneys Christopher Field and Gregory Brown were present on behalf of Defendant Sidney James Motor Lodge, Inc.

The Court has considered the parties' filings and the oral arguments presented at the hearing. Specifically, the Defendants assert that the Plaintiffs' Notice of Video Deposition of Clayton Thomason, M.D., ("Notice") is untimely. The Defendants explain that the discovery deadline in this case was on May 31, 2017, and the Plaintiffs' Notice set Dr. Thomason's deposition for July 7, 2017. The Plaintiffs respond that they do not interpret the Scheduling Order

deadline for "All Discovery" to apply to depositions taken for proof of physicians who are exempt from trial subpoenas.

The Scheduling Order [Doc. 13] entered in this case on May 6, 2016, provides as follows:

> **h.** **All Discovery**: All discovery, including the taking of depositions "for evidence," shall be completed by ninety (90) days before trial. (Motions to compel must be filed at least thirty (30) days before this deadline).

The Court finds that the above language is clear that all depositions, including Dr. Thomason's, must be completed ninety (90) days before trial. Accordingly, because the Notice was sent after the deadline for all discovery and the Plaintiffs did not request leave to file the Notice outside the deadline, the Defendants' Motion to Quash [**Doc. 68**] is **GRANTED**, and the Notice is hereby **QUASHED**.[1] Because the Court has quashed the Notice, there is no need to issue any sanctions, and the Defendant's Motion for Sanctions [**Doc. 67**] is hereby **DENIED AS MOOT.**

As a final matter, the Court notes that all parties failed to comply with section 3(i) of the Scheduling Order. The Defendants argue that the Plaintiffs would not agree to a telephone conference with the undersigned. This is not an excuse because compliance with section 3(i) is everyone's responsibility. The parties are **ADMONISHED** that the failure to follow the procedure outlined in section 3(i) of the Scheduling Order will not be excused in the future.

**IT IS SO ORDERED**.

ENTER:

Bruce Guyton
United States Magistrate Judge

---

[1] The Court notes that the Plaintiffs filed a Motion [Doc. 77] requesting an extension to take medical proof approximately forty-five minutes prior the hearing. The Court declined to address the Motion at the hearing because it was not ripe. Further, the Defendants stated that they would file a response to the Motion on or before July 6, 2017.