IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE, KNOXVILLE DIVISION

| | | |
|---|---|---|
| PHYLLIS G. BARNES, and | ) | |
| WALTER R. BARNES | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:15-cv-556 |
| | ) | |
| GREG MALINAK, DEBBIE MALINAK, | ) | **JURY DEMAND** |
| and SIDNEY JAMES MOTOR LODGE, | ) | |
| INC. d/b/a OLDE GATLINBURG RENTALS | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS GREG MALINAK AND DEBBIE MALINAK'S SUPPLEMENT TO THEIR MOTION TO EXCLUDE THE TESTIMONY OF RUSSELL KENDZIOR AS AN EXPERT AT TRIAL

Come now the Defendants, Greg Malinak and Debbie Malinak (collectively sometimes referred to hereafter as "Defendants" or "the Malinaks"), by and through counsel, and hereby file this Supplement to their previously filed Motion to Exclude the Testimony of Russell Kendzior [Doc. 62] after testimony and argument was heard on the Motion on July 12, 2017. During the hearing on July 12, emphasis was placed on the number of times that Mr. Kendzior had testified as support for his being qualified as an expert. Mr. Kendzior's list of previous testimony shows that he has been retained in several cases and testified at several depositions, but he has only testified at trial 30 times. Thus, he has not been scrutinized by a court under *Daubert* and/or applicable rules of evidence in over 95% of the supposed 700-750 times he has been retained as an expert.

A broad Westlaw search for "Russell /2 Kendzior" produces 17 cases in which Mr. Kendzior is mentioned. Of those citations returned in the general search, eight do not address the qualifications of Mr. Kendzior as an expert but simply mention his name in a review of evidence filed in support or opposition of motions for summary judgment or in ordering the production of documents pursuant to a subpoena. Mr. Kendzior is admitted to testify as an expert over the opposing parties' objections in only *three* of the citations returned in the general search. *See Alcala v. Marriott Int'l, Inc.*, 880 N.W.2d 699, 705 (Iowa 2016); *Lange v. Texas Roadhouse of Texarkana, Ltd.*, No. 5:07-CV-45, 2008 WL 7489323, at *4 (E.D. Tex. Sept. 24, 2008); *Foster v. Flying J, Inc.*, No. CV 06-88-BU-RFC, 2008 WL 8929339, at *2 (D. Mont. Mar. 21, 2008). In one case, the court does not consider whether Mr. Kendzior is qualified as an expert but finds his testimony "dubious" and specifically notes that the court was not persuaded by his testimony. *See Farmer v. United States*, No. 13 C 8224, 2015 WL 6560470, at *7 (N.D. Ill. Oct. 29, 2015).

Mr. Kendzior is excluded from testifying in *six* of the citations returned in the general search.[1] *See Alsip v. Wal-Mart Stores E., LP*, 658 F. App'x 944, 945 (11th Cir. 2016); *Alsip v. Wal-Mart Stores E., LP*, No. CV 14-476-CG-M, 2015 WL 7013546, at *1 (S.D. Ala. Nov. 12, 2015), aff'd, 658 F. App'x 944 (11th Cir. 2016); *Bosire v. Kroger Co.*, No. 1:14-CV-02604-ELR, 2016 WL 7510233, at *1 (N.D. Ga. Mar. 17, 2016); *Mickalowski v. Office Depot, Inc.*, No. 10-2926-STA-CGC, 2012 WL 3548220, at *1 (W.D. Tenn. Aug. 16, 2012); *Ryan v. Timberland Co.*, No. 2:10CV0001 ERW, 2011 WL 4549677, at *1 (E.D. Mo. Sept. 30, 2011); *Parker v. Wal-Mart Stores, Inc.*, 267 F.R.D. 373, 377 (D. Kan. 2010). Importantly, the United States District

---

[1] Two citations are to the same case with one citation to the United States District Court for the Southern District of Alabama's opinion and one citation to the 11th Circuit's opinion confirming the District Court's exclusion of Mr. Kendzior. *See Alsip*, 658 F. App'x 944, 945 (11th Cir. 2016); *Alsip*, No. CV 14-476-CG-M, 2015 WL 7013546.

Court for the Western District of Tennessee has excluded Mr. Kendzior as an expert witness.[2] *See* Order Granting Defendant's Motion to Exclude Opinion Testimony of Russell Kendzior, [Doc. 101], *Mickalowski*, No. 10-2926-STA-CGC (Sept. 7, 2012), a copy of which is attached hereto as **Exhibit A**.

There is no efficient way to determine exactly how many times Mr. Kendzior has been excluded as an expert. However, the broad Westlaw search outlined above reveals that of the vast number of cases available on this large search engine, Mr. Kendzior has been excluded in more cases than he has been admitted and, importantly, has been excluded by another district court of Tennessee.

## **CONCLUSION**

The testimony of Russell J. Kendzior will not assist the trier of fact to understand or to determine a fact in issue as the methodology underlying the testimony is not scientifically valid. Additionally, the probative value of Russell Kendzior's testimony is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury, and the Court in its gatekeeper function should keep his testimony from the jury.

**WHEREFORE**, Defendants Greg Malinak and Debbie Malinak respectfully request that this Court exclude the testimony of Russell J. Kendzior as an expert at trial.

---

[2] The opinion found on Westlaw for *Mickalowski v. Office Depot, Inc.*, No. 10-2926-STA-CGC, 2012 WL 3548220, at *1 (W.D. Tenn. Aug. 16, 2012) only addresses the motion for summary judgment but mentions a pending motion to exclude Mr. Kendzior's testimony. Upon a review of the pleadings and orders in this matter on ECF, the Malinaks were able to determine that Mr. Kendzior was indeed excluded by the District Court.

Respectfully submitted this the 14th day of July, 2017.

>*/s Mabern E. Wall*
>JOSHUA M. BALL (# 020626)
>MABERN E. WALL (# 031328)
>Attorney for Defendants Greg and Debbie Malinak
>HODGES, DOUGHTY & CARSON, PLLC
>P.O. Box 869
>Knoxville, TN 37901-0869
>(865) 292-2307
>jball@hdclaw.com
>mwall@hdclaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **DEFENDANTS GREG MALINAK AND DEBBIE MALINAK'S SUPPLEMENT TO THEIR MOTION TO EXCLUDE THE TESTIMONY OF RUSSELL KENDZIOR AS AN EXPERT AT TRIAL** was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

Said parties are:

Darren Vincent Berg, Esq.
Butler, Vines and Babb PLLC
2701 Kingston Pike
P.O. Box 2649
Knoxville, TN 37901-2649

Darryl G. Lowe, Esq.
Christopher C. Field, Esq.
Lowe Yeager & Brown
900 S Gay St Ste 2102
Riverview Towers
Knoxville, TN 37902-1810

This 14th day of July, 2017.

>HODGES, DOUGHTY & CARSON, PLLC
>
>*/s Mabern E. Wall*_____
>Mabern E. Wall