UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

PHYLLIS G. BARNES, and WALTER R. )
BARNES, )
 )
      Plaintiffs, )
 )
v. ) No. 3:15-cv-556-PLR-HBG
 )
GREG MALINAK, *et al.*, )
 )
      Defendants. )

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiffs' Motion for Exten[s]ion of Time and Relief from Scheduling Order Deadline [Doc. 77]. Both the Defendants have filed Responses [Docs. 82, 83] objecting to the Motion. The Motion is now ripe for adjudication. For the reasons more fully set forth below, the Court **DENIES** the Plaintiffs' Motion [**Doc. 77**].

### I. POSITIONS OF THE PARTIES

The Plaintiffs request [Doc. 77] that the Court extend the "all discovery" deadline contained in the Scheduling Order. For grounds, the Plaintiffs state that on June 22, 2017, they filed a Notice of Deposition in order to take medical proof of Plaintiff Phyllis Barnes's treating physician. *See* [Doc. 66] (Notice of Video Deposition of Clayton H. Thomason, M.D.). The Plaintiffs assert that to the extent the Defendants are correct and the Scheduling Order's "All Discovery" deadline applies to a medical proof deposition where a doctor is exempt from trial subpoena, then the Plaintiffs request the Court to extend the "all discovery" deadline in order for

the Plaintiffs to take the scheduled deposition on July 7, 2017.  The Plaintiffs claim that they did not interpret section 3(h) of the Court's Scheduling Order to apply to medical proof depositions.  The Plaintiffs state that a discovery deposition of a treating physician is a deposition taken by a defendant so that the defendant can discover what the treating physician will ultimately testify to at trial.  The Plaintiffs submit that if the undersigned quashes the Notice, then the Plaintiffs intend to appeal such ruling so that the Court can render an ultimate decision on whether the deadline applies to medical proof depositions.  In the interim, the Plaintiffs would seek relief from the Court so that they can take their medical proof in this case.

Defendants Greg and Debbie Malinak [Doc. 82] filed an objection to the Plaintiffs' Motion stating that the Court has already determined that the "All Discovery" deadline in section 3(h) of the Court's Scheduling Order applied to all depositions.  The Defendants assert that the Plaintiffs' request for an extension was filed one month after the expiration of the deadline.  The Defendants assert that the only treating physician disclosed within the time allowed by the Scheduling Order was Gordon N. Holen on March 20, 2017.  The Defendants assert that they have yet to receive the required disclosures from the Plaintiffs.  The Defendants assert that the Plaintiffs' Motion is untimely and that at this stage, the Defendants do not know the full extent of Dr. Thomason's testimony and whether a rebuttal, independent medical evaluation would be necessary.  The Defendants also submit that the deadlines to file dispositive motions and *Daubert* motions and to disclose rebuttal experts and supplement any prior expert disclosures have all passed.  The Defendants assert that the Plaintiffs have not requested any depositions in this case.

Defendant Sidney James Motor Lodge also filed a Response [Doc. 83] asserting that the Plaintiffs did not take any depositions in advance of the May 31, 2017, discovery deadline.  The Defendant asserts that the Plaintiffs have not attempted to make the requisite showing of good

2

cause necessary to justify relief under the Scheduling Order and Federal Rule of Civil Procedure 16(b)(4). Further, the Defendant asserts that it will be prejudiced by reopening discovery in light of the quickly approaching trial date.

## II. ANALYSIS

By way of background, the parties appeared before the Court on June 30, 2017, on the Defendants' Motion to Quash and Motion for Sanctions.[1] The Court quashed [Doc. 81] the Notice of Video Deposition of Clayton Thomason because the Notice was filed after the deadline for discovery and the Plaintiffs did not request leave to file the Notice outside the deadline.[2] The Plaintiffs now move to take the deposition outside the discovery deadline.

To be clear, however, the Plaintiffs repeat the arguments made in their response to the Defendants' Motion to Quash (*i.e.,* Dr. Thomason's deposition is not a discovery deposition and was not subject to the time limitations in the Scheduling Order). As stated in the previous Order [Doc. 81], the language is clear that "[a]ll discovery, *including the taking of depositions 'for evidence,'* shall be completed by ninety (90) days before trial." [Doc. 13] (Emphasis added). Accordingly, the Court will not repeat or amend its previous ruling.

The Plaintiffs also request an extension of time to take Dr. Thomason's deposition. The Plaintiffs submit that they did not interpret section 3(h) of the Scheduling Order to apply to medical proof depositions. The Plaintiffs do not cite a specific rule or standard with respect to their request to extend the deadline. The Scheduling Order [Doc. 13], however, states that the party must show good cause to change a deadline. *See also* Fed. R. Civ. P. 16(b)(4) (stating that a schedule may be

---

[1] The Court did not address the merits of the instant Motion at the hearing because it was filed approximately forty-five minutes prior to the hearing. Further, the Defendants requested that they be permitted time to file a written response to the Motion.

[2] The Plaintiffs state in the instant Motion that they intend to appeal the ruling; however, an appeal has not been filed.

modified only for good cause and with the judge's consent). The primary consideration in determining whether good cause has been shown "is the moving party's diligence in attempting to meet the case management order's requirements." *Commerce Benefits Grp., Inc. v. McKesson Corp.*, 326 F. App'x 369, 377 (6th Cir. 2009) (internal quotations omitted) (quoting *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002)). The Court should also consider if the nonmoving party would be prejudiced by the modification. *Id.* Even if an amendment would not prejudice the nonmoving party, the moving party must nonetheless demonstrate good cause for "why he failed to move for the amendment at a time that would not have required a modification of the scheduling order." *Korn v. Paul Revere Life Ins. Co.*, 382 F. App'x 443, 450 (6th Cir. 2010) (citing *Leary v. Daeschner*, 349 F.3d 888, 906-08 (6th Cir. 2003)).

The Court finds that the Plaintiffs' request for an extension is not warranted. First, the Plaintiffs have not argued that they have been diligent in meeting the deadlines in this case, nor does the Court find that they have been diligent. As the Defendants have emphasized, the parties discussed scheduling medical proof depositions following the Plaintiffs' depositions on December 14, 2016. [Doc. 82 at 4]. Over the next five months, however, the Plaintiffs did not take any depositions. [*Id.*]. On May 15, 2017, the Plaintiffs' paralegal contacted defense counsel about setting Dr. Holen's deposition, not Dr. Thomason's deposition, on May 24, 2017. [*Id.*]. Defense counsel had a conflict with that date, and the Plaintiffs made no other attempts to set any medical proof depositions. [*Id.*]. Further, the Plaintiffs never asked the Defendants about setting Dr. Thomason's deposition until June 15, 2017, approximately two weeks after the discovery deadline. [*Id.*].

The Plaintiffs have not disputed the above facts, and the Court finds that the above actions, or inactions, fail to show any diligence in meeting the deadlines. Further, the Plaintiffs did not,

4

and have not, disclosed a treating physician report for Dr. Thomason pursuant to Federal Rule of Civil Procedure 26(a)(2)(C).  *See also* [Doc. 13 at 2-3] ("Disclosure of any expert testimony in accordance with Fed. R. Civ. P. 26(a)(2) shall be made on or before one hundred and fifty (150) days before trial for plaintiff . . .").  Such inaction demonstrates that the Plaintiffs have not been diligent in meeting the deadlines.  Further, if the deposition proceeded, the Defendants would be prejudiced given that the trial is approximately a month away and they have not received Dr. Thomason's expert disclosure to aid in a deposition as required by Rule 26(a)(2)(C).

The Plaintiffs have not cited Rule 6(b) in their request for an extension, but some courts have employed the use of this Rule when a party requests an extension of a deadline that has expired.  *See Pendleton v. Bob Frensley Chrysler Jeep Dodge Ram, Inc.*, No. 3:14-CV-02325, 2016 WL 827744, at *2 (M.D. Tenn. Mar. 3, 2016) ("While Rule 16(b)(4) and Rule 6(b) overlap to some degree, we find that Rule 6(b)(1)(B) provides the appropriate standard, particularly where, as here, a party seeks an extension after a deadline has already passed.").  Rule 6(b)(1)(B) provides that a "court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."  Courts balance five factors to determine whether excusable neglect exists: "(1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith."  *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006).

The Court has reviewed all the circumstances in this case and does not find excusable neglect.  First, the Plaintiffs do not argue any of these factors weigh in their favor.  Further, the Court finds that the length of the delay and its potential impact on judicial proceedings, the reason

5

for the delay, and whether the delay was within the reasonable control of Plaintiffs, all weigh in favor of denying the extension.  In addition, the Court finds such a late deposition will prejudice the Defendants because the deadlines related to expert disclosures and testimony have all expired and the Plaintiffs have not disclosed the subject matter and a summary of facts and opinions that Dr. Thomason will testify.  *See* Fed. R. Civ. P. 26(a)(2)(C).  Finally, the Court finds that there is no evidence that the Plaintiffs acted in bad faith.  Accordingly, the Court finds the Plaintiffs' request not well-taken.

### III. CONCLUSION

For the reasons stated herein, the Court **DENIES** the Motion for Exten[s]ion of Time and Relief from Scheduling Order Deadline [**Doc. 77**].

**IT IS SO ORDERED**.

ENTER:

_____
United States Magistrate Judge