# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE, AT KNOXVILLE

| | |
|---|---|
| PHYLLIS G. BARNES, and <br> WALTER R. BARNES, <br><br> Plaintiffs, <br><br> v. <br><br> GREG MALINAK, DEBBIE MALINAK, <br> OLDE GATLINBURG PLACE <br> CONDOMINIUM OWNERS ASSOCIATION, <br> INC., and SIDNEY JAMES MOTOR <br> LODGE, INC. d/b/a OLDE GATLINBURG <br> RENTALS. <br><br> Defendants. | Civ. No: 3:15-cv-556 <br><br> Judge Reeves/Guyton <br><br> JURY DEMAND |

## PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT SIDNEY JAMES MOTOR LODGE, INC.'S MOTION IN LIMINE NO. 6 TO EXCLUDE UNDISCLOSED EXPERTS

Plaintiffs, through undersigned counsel, and in opposition to Defendant, Sidney James Motor Lodge, Inc.'s ("Defendant"), Motion in limine No. 6 to exclude undisclosed experts, respond as follows.

Plaintiffs do not object to Defendant's instant Motion insofar as it seeks to exclude Dr. Clayton Thomason, since he will not be testifying at trial. However, insofar as Defendant's instant Motion seeks to exclude Dr. Gordon Holen, Plaintiffs object since Dr. Holen was indeed disclosed. See, e.g., (Doc. #43).

Pursuant to Fed. R. Civ. P. 26(a)(1), Plaintiffs disclosed "treating physicians" as fact witnesses on June 2, 2016. See (Doc. # 25). This initial disclosure was accompanied

by Plaintiff, Phyllis Barnes's, medical records, which identified Dr. Holen as Plaintiff's treating physician. Then again on March 20, 2017, pursuant to Fed. R. Civ. P 26(a)(2) and in compliance with applicable deadlines, Plaintiffs gave Defendant notice of Dr. Holen as one of Plaintiffs' expert witnesses. See (Doc. # 43). Yet again on July 7, 2017, Plaintiffs provided a supplemental disclosure with respect to Dr. Holen as one of Plaintiffs' expert witnesses. See (Doc. # 85). Finally, Plaintiffs would note that Dr. Holen was identified by name and address in Plaintiffs' Responses to Defendant's Interrogatories on November 7, 2016. See (Notice of Service of Plaintiffs' Responses to Defendant's Interrogatories, Doc. # 39).

Dr. Holen has been identified and disclosed to Defendant no less than four times, all but one of which, namely the supplemental disclosure of Dr. Holen, was prior to this Court's disclosure deadline. Plaintiffs submit that Defendant was apprised of all information required to be disclosed pursuant to Fed. R. Civ. P. 26 with respect to Dr. Holen, and that the instant Motion reflects an emphasis on form over substance which is entirely incompatible with the Federal Rules of Civil Procedure generally. Fed. R. Civ. P. 1 ("These rules ... should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding"). If Defendant's instant Motion identifies a deficiency with respect to the disclosure of Dr. Holen, which for the reasons stated herein, Plaintiffs dispute, said deficiency was nonetheless harmless to Defendant since Defendant knew with absolute certainty what Dr. Holen was expected to testify to. Namely, that his surgical repair of

Plaintiff's knee was a result of the fall in question, and that her follow-up care in North Carolina was necessary. Since there is no prejudice to Defendant whatsoever, Defendant is not entitled to the relief it seeks. Fed. R. Civ. P. 37(c)(1) (exclusion not warranted if violation was "harmless").

For these reasons, Plaintiffs respectfully request that Defendant's Motion in Limine No. 6 be denied.

Respectfully submitted this **14th** day of **August, 2017**.

/s/ *Darren V. Berg*
Darren V. Berg, BPR #023505
Butler, Vines & Babb, PLLC
2701 Kingston Pike
P.O. Box 2649
Knoxville, TN 37901-2649
(865) 637-3531
Dberg@bvblaw.com
*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

this **14th** day of **August, 2017**.

**BUTLER, VINES AND BABB, PLLC**
/s/ *Darren V. Berg*
**Darren V. Berg, Esq.**
*Attorney for Plaintiff*